**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                :
SYLVIO HITCHENS,                :
                                :  Civil Action No. 11-7233 (PGS)
            Petitioner,         :
                                :
        v.                      :          **O P I N I O N**
                                :
MR. BRIAN ELWOOD, et al.,       :
                                :
            Respondents.        :
_____ :

**APPEARANCES:**

Sylvio Hitchens, Pro Se
043-184-732
Monmouth County Correctional Institution
1 Waterworks Road
Freehold, NJ 07728

Jeffrey M. Bauer
U.S. Department of Justice
Office of Immigration Litigation D.C. Section
P.O. Box 868
Washington, DC 20044
Attorney for Respondents

**SHERIDAN, District Judge**

    Petitioner is an alien detainee currently confined at Monmouth County Correctional Institution, in Freehold, New Jersey. He has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a motion for counsel (docket entry 2). The respondents are Warden Brian Elwood, and United States Attorney General Eric Holder.

The Court has considered the Petition.  For the reasons stated below, the Petition, and motion will be dismissed.

## BACKGROUND

Petitioner, a native citizen of Haiti, was convicted in New York state court of robbery and other crimes on October 23, 2006.  He was sentenced to serve four years imprisonment.  During his sentence, on March 31, 2009, the Department of Homeland Security ("DHS") issued a Notice to Appear, and placed Petitioner in removal proceedings.

On January 26, 2010, Petitioner was taken into custody of the Bureau of Immigration and Customs Enforcement ("ICE"), for pre-removal order detention justified under 8 U.S.C. § 1226(c).  While he was detained, he was ordered removed by an Immigration Judge ("IJ"), and his appeal to the Board of Immigration Appeals ("BIA") was dismissed on May 23, 2011, and Petitioner's removal order became administratively final.

However, about a month later, on June 22, 2011, Petitioner filed an Petition for Review with the United States Court of Appeals for the Second Circuit, and a motion for stay of removal.  Pursuant to a "forbearance policy," agreed to between the United States Attorney and the Second Circuit, the Government agreed not to remove an alien who filed for a stay of removal until and unless the motion for stay is denied.  As such, the policy provides for a temporary stay until the stay is denied.

See Shelmaz v. Ashcroft, 2004 WL 2378371 at *2 (S.D.N.Y. Oct. 25, 2004).

In this case, Petitioner's Petition for Review and the motion to stay remain pending in the Court of Appeals for the Second Circuit. See Hitchens v. Holder, Case No. 11-2530 (2d Cir. June 22, 2011).

On December 9, 2012, Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued detention, and seeking immediate release. Respondents filed an Answer and the relevant record on May 29, 2012.

## DISCUSSION

**A.   Standards of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.

Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

As a preliminary matter, the only proper respondent in a case challenging physical custody is "the immediate custodian" of the petitioner. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). "It is the warden of the prison of the facility where the detainee is held that is considered the custodian for purposes of a habeas actions." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). Elwood, who is the warden of the facility where Petitioner is being held, is the only proper respondent to this Petition for a writ of habeas corpus. For this reason, the Petition must be dismissed against Respondent Eric Holder.

**B.    The Petition Must Be Dismissed.**

The statute governing the detention and removal of aliens ordered to be removed, 8 U.S.C. § 1231, requires the detention of the individual to be removed for the duration of the "removal period," defined to generally have an outer limit of 90 days. See 8 U.S.C. § 1231(a)(1) and (2). Detention during the post-removal-period is authorized, 8 U.S.C. § 1231(a)(6), but under the Supreme Court's holding in Zadvydas v. Davis, that detention cannot continue indefinitely. See Zadvydas, 533 U.S. 687, 689 (2001). In Zadvydas, the Supreme Court held that aliens may be detained under § 1231(a)(6) only for "a period reasonably

necessary to bring about that alien's removal from the United States." Id.  It recognized six months as a presumptively reasonable period of detention.  See id. at 701.  To state a claim under Zadvydas, the presumptively reasonably six-month period "must have expired at the time [the] petition was filed [ ]."  Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, Petitioner's Zadvydas claim is premature since the removal period has been deferred by the filing of the petition for review and request for stay with the Second Circuit.  See 8 U.S.C. § 1231(a)(1)(B)(ii).  See, e.g., Rodney v. Mukasey, 340 F.App'x 761, 764-65 (3d Cir. 2009) (finding the petitioner's Zadvydas claim premature where the petitioner's appeal of a BIA decision was pending and the Court of Appeals had granted a stay of removal).

The governing statute provides that the removal period begins to run on the latest of the following three events:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(ii).

After being taken into custody, Petitioner sought review by the Second Circuit as well as a stay of the removal order.  In so doing, Petitioner has essentially tolled the period during which

5

he may lawfully be detained.  See Rodney, 340 F.App'x at 764-65. Detention pending a challenge to a removal order is "neither indefinite nor potentially permanent like the detention held improper in Zadvydas; it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point [ ... ]."  Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004).  Since the Second Circuit has not yet rendered its opinion in Petitioner's case, there is no removal period currently pending and therefore no active Zadvydas claim in this Court.

In the alternative, to the extent that Petitioner's post-removal-order period of detention could be challenged, Petitioner has not presented evidence that there is no significant likelihood of his removal in the reasonably foreseeable future.  The Zadvydas court held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future," stating that the alien petitioner has the burden of "provid[ing] good reason to believe that there is no [such] likelihood" before the government respondents would be required to provide rebuttal evidence.  See Zadvydas, 533 U.S. at 701.

Petitioner's appeal is currently pending within the Second Circuit.  He has shown no evidence that, upon decision of his

appeal, he would not be removed within the proscribed time. In fact, according to the Declaration of a Deputy Assistant Director for ICE submitted with Respondents' Answer, the temporary suspension of removal of Haitians following the 2010 earthquake has been lifted, and more than 600 Haitian nationals have been repatriated. (Declaration of Douglas K. Henkel, ¶ 7). As such, Petitioner has no viable claim under Zadvydas at this time.

## CONCLUSION

For the foregoing reasons, the Court will dismiss the instant Petition, without prejudice to Petitioner's ability to file a new petition in the future that may state a claim upon which relief may be granted consistent with the observations made in this Opinion. Petitioner's motion for counsel will also be dismissed.

An appropriate form of Order will be filed.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

*July 20, 2012*